NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2521
_____

HECTOR G.M.,
Appellant

v.

WARDEN ELIZABETH DETENTION CENTER; FIELD OFFICE DIRECTOR NEW JERSEY
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; DIRECTOR
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; SECRETARY
UNITED STATES DEPARTMENT OF HOMELAND SECURITY; ATTORNEY GENERAL
UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-20-cv-06034)
District Judge: Honorable Brian R. Martinotti
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 26, 2021
_____

Before: GREENAWAY, JR., PHIPPS, and COWEN, *Circuit Judges*.

(Opinion Filed: November 16, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

This appeal of a jurisdictional dismissal of an alien's habeas petition turns on the role of the writ of habeas corpus in immigration litigation. The petitioner, who was removed during the pendency of his habeas petition, sought an order for his return to the United States so he could pursue a motion to reopen immigration proceedings and apply for a U-visa. But Congress has jurisdictionally excluded habeas petitions as a means of challenging the execution of removal orders, so we will affirm the judgment of the District Court dismissing this case on jurisdictional grounds.

## I.

Hector García Mendoza, a native and citizen of Mexico, was arrested in Freehold, New Jersey on March 13, 2020, and charged with two state-law crimes: trespass and hindering. Although he was released from police custody later that day, his freedom from confinement was short-lived. As he left the police station, federal agents with Immigration and Customs Enforcement arrested him and transported him to the Elizabeth Detention Center.

While García Mendoza was detained there, the Department of Homeland Security commenced removal proceedings against him. As part of those proceedings, García Mendoza twice appeared *pro se* before an Immigration Judge, accompanied by a court-appointed interpreter. At the first hearing, the Immigration Judge offered García Mendoza more time to find an attorney. Although García Mendoza accepted that offer, he did not retain an attorney before his second hearing, and he again appeared *pro se*.

The Immigration Judge considered García Mendoza's testimony regarding past mistreatment but ultimately determined that he should be removed.

As part of the resolution of those proceedings, García Mendoza waived his right to file an administrative appeal with the Board of Immigration Appeals. Without pursuing such an administrative appeal, García Mendoza could not petition in federal court for review of his removal order. *See* 8 U.S.C. § 1252(a)(5) (limiting the jurisdiction of federal courts over orders of removal to only challenges brought through "a petition for review filed with an appropriate court of appeals" notwithstanding any statutes providing jurisdiction for habeas review); *Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020) ("The REAL ID Act [codified as amended at 8 U.S.C. § 1252] clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals.").

Although he did not administratively appeal, García Mendoza did not give up. He later retained counsel and commenced litigation on two fronts.

First, he filed a class action lawsuit as a named plaintiff in the District of New Jersey on May 15, 2020, to challenge the conditions of confinement at the Elizabeth Detention Center and to seek release. *See Aganan v. Rodriguez*, No. 20-cv-5922 (D.N.J. filed May 15, 2020). The government promptly responded to that litigation through a letter to the District Court, with a copy to García Mendoza's counsel, which stated that "ICE expects to effect [García Mendoza's] removal in the immediate future." Ex. B to Pet. for Writ of Habeas Corpus, Letter Regarding Imminent Deportation of Pet'r, ECF No. 20 (JA 44).

Second, shortly after receiving that letter, on May 19, 2020, García Mendoza filed a separate habeas petition in the District of New Jersey. In that case, he alleged that his removal would unlawfully interfere with his ability to avoid deportation by moving to administratively reopen his immigration proceedings and by applying for a U-visa, which victims of certain crimes may receive. On that premise, he claimed violations of the Due Process Clause of the U.S. Constitution, the Immigration and Nationality Act, the Administrative Procedure Act, and the Convention Against Torture. To remedy those alleged violations, García Mendoza sought an order preventing his removal.

Because his removal was imminent, García Mendoza the same day filed an application for a temporary restraining order in his habeas case. But by that time, ICE had begun executing the removal order. And as his counsel learned only hours after filing the application, García Mendoza was on a flight to Texas. Yet later that day, through an emergency conference call, the District Court held a hearing and orally entered a temporary restraining order, which enjoined García Mendoza's removal and ordered ICE to prevent him from crossing the border into Mexico. In so doing, the District Court was quite conscious of the timing, recognizing that "it may be impractical or impossible to actually . . . stop the deportation" and stating that the court would "draw no negative inference if it can't be done logistically." Tr. of Oral Arg. 9:21–10:1, May 19, 2020, ECF No. 20 (JA 209–10). That was prescient: approximately one hour after the order, García Mendoza reentered Mexico.

A week later, the District Court held a telephone conference on the merits of García Mendoza's habeas petition. During that hearing, counsel for García Mendoza

4

sought an order for García Mendoza's return to the United States. Through such an order, counsel contended, García Mendoza could reopen his immigration proceedings and apply for a U-visa, while also avoiding physical attack in Mexico, which he feared. In opposing that petition, the government argued that the District Court lacked jurisdiction over the entire suit and therefore had no authority to issue the temporary restraining order.

After considering those arguments, the District Court dismissed García Mendoza's habeas petition. The District Court concluded that it lacked jurisdiction over the habeas petition pursuant to 8 U.S.C. § 1252(b)(9). That subsection channels challenges to "all questions of law and fact . . . arising from any action taken or proceeding to remove an alien from the United States" into a petition for review of a final order of removal. *See* 8 U.S.C. § 1252(b)(9); *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020) (explaining that § 1252(b)(9) funnels "most claims that even relate to removal" into a petition for review of a final removal order in accordance with subsection (a)(5)). The District Court further reasoned that even if it had jurisdiction initially, García Mendoza's removal mooted the habeas action because he was no longer detained.

García Mendoza timely appealed that final decision, bringing this case within the appellate jurisdiction of this Court. *See* 28 U.S.C. § 1291. In addition to the arguments raised before the District Court, the government now defends the District Court's judgment on another basis. It argues that, under the jurisdiction stripping provision in 8 U.S.C. § 1252(g), no federal court has jurisdiction over García Mendoza's habeas petition.

II.

Because García Mendoza is no longer detained, the subsection (g) argument is the most natural starting point for the analysis. Through that subsection, Congress generally stripped federal courts of jurisdiction over challenges to the execution of removal orders. *See* 8 U.S.C. § 1252(g). Although subsection (g) contains clear language repealing habeas jurisdiction as a means of challenging the execution of removal orders, it also has an exception:

> *Except as provided in this section* and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders against any alien* under this chapter.

8 U.S.C. § 1252(g) (emphasis added). In construing the statute, this Circuit has interpreted that exception to permit challenges to the execution of removal orders, but only through petitions for review of an order of removal:

> If an alien challenges one of those discrete actions, [to commence proceedings, adjudicate cases, or *execute removal orders against any alien*,] § 1252(g) funnels jurisdiction over that challenge into a petition for review in a single court of appeals.

*Tazu v. Att'y Gen.*, 975 F.3d 292, 296 (3d Cir. 2020). In that same case, this Circuit held that challenges to the execution of removal orders include attacks on the timing of the execution of the removal order. *See id.* at 297 (explaining that "the discretion to decide *whether* to execute a removal order includes the discretion to decide *when* to do it").

Under those principles, the jurisdictional viability of García Mendoza's habeas petition collapses. García Mendoza did not challenge the execution of his removal

6

through a petition for review of a final order of removal, as he could have. Instead, he sought to pursue that challenge through a habeas petition. But by enacting subsection (g), Congress stripped away that alternative, and federal courts lack jurisdiction over García Mendoza's habeas petition.

III.

García Mendoza offers three counterarguments to avoid jurisdictional dismissal, but none succeed.

First, García Mendoza tries to sidestep subsection (g) by contending that ICE lacked the authority to remove him after the District Court issued a temporary restraining order. But subsection (g) applies not just to appellate courts; it also strips jurisdiction from district courts. And in the District Court, García Mendoza brought a challenge to the execution of his removal order: he wanted to enjoin his removal to allow him more time to reopen his immigration proceedings and to apply for a U-visa. Because subsection (g) deprives federal courts of jurisdiction over such challenges, the District Court lacked jurisdiction to issue the temporary restraining order. Thus, that order did not prevent ICE from removing García Mendoza.

Second, García Mendoza argues that the Suspension Clause prevents subsection (g) from stripping jurisdiction over his habeas petition. *See generally* U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."). But Congress does not suspend the writ of habeas corpus when it provides an adequate and effective substitute "to test the legality of a person's detention." *Swain v.*

7

*Pressley*, 430 U.S. 372, 381 (1977). A petition for review of a final order of removal is such an adequate and effective alternative. *See Kolkevich v. Att'y Gen.*, 501 F.3d 323, 332 (3d Cir. 2007). That option was available to García Mendoza, but he did not pursue it. It is his own decision, not a legislative act of Congress, that leaves García Mendoza without a present means of disputing the execution of his removal order. For that reason, his Suspension Clause argument fails. *See Verde-Rodriguez v. Att'y Gen.*, 734 F.3d 198, 204 (3d Cir. 2013).

Finally, García Mendoza argues that his due process challenge salvages federal court jurisdiction over his habeas petition. He contends that he may proceed under federal question jurisdiction, *see* 28 U.S.C. § 1331, because he brings that constitutional claim. But he misconstrues the scope of subsection (g). It strips not only jurisdiction pursuant to the habeas statutes but also all other grants of jurisdiction not within its exception. *See* 8 U.S.C. § 1252(g). And that exception applies only to grants of jurisdiction codified in 8 U.S.C. § 1252, which does not include federal question jurisdiction. *See, e.g., id.* § 1252(a)(5), (g). Thus, the presence of a separate federal question does not exempt García Mendoza's habeas petition from subsection (g). *See Tazu*, 975 F.3d at 297 (holding that due process challenges to removal are not immune to the provisions of § 1252(g)). To the extent that García Mendoza had any cognizable due process challenge to his removal procedures, he could have raised it in a petition for review, *see* 8 U.S.C. § 1252(a)(2)(D), but he waived that right.

\* \* \*

For these reasons, we will affirm the District Court's judgment dismissing this case for lack of subject matter jurisdiction.